**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORVIN MAURIEL LUC GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-1520 |
| v. | ) | |
| | ) | |
| WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Guatemala, is currently detained at Moshannon Valley Processing Center. He entered the United States without inspection on an unknown date and was residing in Long Island, New York. He was detained July 30, 2026, in Freeport New York. The Immigration and Customs Enforcement ("ICE") agents who detained Petitioner that day determined that he was unlawfully present in the United States. Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 11 at 1).

Petitioner first asserts that ICE lacked a warrant for his arrest, thus narrowing the available statutory bases for his arrest. Respondents, however, have provided a Form I-200 warrant for Petitioner's arrest dated July 7, 2026.

In the alternative, Petitioner contends he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and that therefore he is entitled to a bond hearing. The Court agrees. As the Third Circuit recently held in *Buele Morocho v. Warden Philadelphia FDC*, § 1226(a), not § 1225(b)(2)(A), applies to noncitizens who are not "an

alien seeking admission." No. 26-1150, 2026 WL 2546223, at *3 (3d Cir. Aug. 28, 2026). The Court held that where a noncitizen is not engaging in an "ongoing affirmative act to 'seek[] admission' to the United States," the noncitizen is outside the scope of § 1225(b)(2)(A). Petitioner, like the petitioners in *Buele Morocho*, is not alleged to be seeking admission to a port of entry, but rather was already present in the country. Petitioner's detention is therefore governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is appropriately governed under § 1226(a), detention of noncriminal noncitizens without a bond hearing is a violation of the Petitioner's due process rights. *Id.* at *9.

AND NOW, this 3rd day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE